UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RICHARD TURNER,<br><br>  Petitioner,<br><br>  v.<br><br>SHERIFF THOMAS A. FERRARA,<br><br>  Respondent. | No.  2:25-cv-0933 DC CSK P<br><br><br>ORDER |

Petitioner, a county jail inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

As discussed below, the petition is dismissed with leave to amend, and his recent filing (ECF No. 9) is denied.

I.  GOVERNING STANDARDS

The Court is required to screen all habeas petitions upon filing, and to summarily dismiss "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases.  Petitions brought

pursuant to Section 2241 may be subjected to the same screening requirements.  See Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition); see also Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).  Accordingly, whether petitioner is in custody pursuant to a state court judgment and thus seeking relief under 28 U.S.C. § 2254, or is in pre-judgment custody and seeking relief under 28 U.S.C. § 2241, the case must be summarily dismissed if it plainly appears from his pleadings that petitioner is not entitled to relief.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:  "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

II.    THE PETITION

Petitioner claims that to the best of his knowledge, he is being held for second degree theft in violation of California Penal Code § 211, "without sworn affidavit by the injured party."  (ECF No. 1 at 1.)  Petitioner alleges that the court did not arrest the vessel and therefore lacked jurisdiction over the vessel in rem, apparently referring to admiralty law, and requests a UCC-1 financing statement.  (ECF No. 1 at 3.)

III.    BACKGROUND

The Solano County Sheriff's website states that petitioner is facing multiple criminal charges, including possession of a controlled substance, robbery, and vehicle theft, and was arrested on January 9, 2025.[1]

---

[1] The Court may take judicial notice of public records available on online inmate locators.  See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also Pacheco v. Diaz, 2019 WL 5073594 at *2 (E.D. Cal. Sept. 4, 2019)

IV.   DISCUSSION

    A.  <u>Failure to State Cognizable Habeas Claim</u>

The instant petition does not specify any cognizable federal habeas grounds for relief. (ECF No. 1.) Similarly, petitioner provides no supporting facts for any of his claims. Petitioner's claims concerning admiralty law, financing statements or corporations do not present a cognizable theory upon which habeas relief can be granted and are "patently frivolous" or a false legal theory and thus subject to summary dismissal. See <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims. Petitioner shall file his amended petition on the form provided by the Clerk of the Court with this order.

    B.  <u>Younger</u> Abstention

To the extent petitioner is attempting to challenge ongoing criminal proceedings, petitioner is advised of the following.

In <u>Younger v. Harris</u>, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. 37, 45 (1971). The Ninth Circuit has "articulated a four-part test to determine when <u>Younger</u> requires that federal courts abstain from adjudicating cases that would enjoin or risk interfering with pending state-court proceedings." <u>Duke v. Gastelo</u>, 64 F.4th 1088, 1094 (9th Cir. 2023). "<u>Younger</u> abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state

---

(taking judicial notice of CDCR's Inmate Locator system); <u>Foley v. Martz</u>, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (same). The Solano County Sheriff's In-Custody website is https://shfinmatesearch.solanocounty.com/.

3

judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original) (internal quotation marks and citation omitted). All four factors must be met to find abstention appropriate. Duke, 64 F.4th at 1094. If all four Younger factors are satisfied, federal courts must abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are extraordinary or special circumstances which pose an immediate threat of irreparable injury. See Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992); Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases involving harassment by state officials, prosecutions undertaken "in bad faith that have no hope of obtaining a valid conviction," or where "irreparable injury can be shown.").

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (internal quotation marks and citation omitted).

Also, Younger abstention applies where the pretrial detainee asserts a violation of his right to effective assistance of counsel and resulting delays in the civil proceedings. See Carden v. Montana, 626 F.2d 82, 84-85 (9th Cir.), cert. denied, 449 U.S. 1014 (1980) (detainees' "appropriate remedy is to proceed to trial and thereafter raise their speedy trial claim if they wish to do so"); accord Johnson v. Superior Court, 2006 WL 3716307, at *1 (N.D. Cal. Dec.15, 2006) ("neither the alleged ineffective assistance of counsel nor the alleged speedy trial problem warrant [or] require federal intervention in ongoing criminal proceedings").

C. Conclusion

For the above reasons, the petition for writ of habeas corpus is dismissed, and petitioner is granted leave to file an amended petition. Petitioner is cautioned that failure to file an amended petition will result in a recommendation that this action be dismissed.

///

V.      PETITIONER'S MAY 5, 2025 FILING

On May 5, 2025, petitioner filed a document styled, "Order to Show Cause on Caveat, Summation," followed by a series of code sections. (ECF No. 9 at 1.) Petitioner's filing is incomprehensible, referring to notices to agents and principals, and respondent as a "debtor," stating "held hostage by terrorists . . . without . . . due process," "assault/battery with weapons while held in illegal restraints handcuffs, leg irons," retaliation, co-conspiracy, and murder by staged incidents. (Id. at 1-2.) Petitioner claims Vallejo Police Officer or Sheriff's Deputy Jeniffer DeSantos forged and cashed two checks. (Id. at 3.) Plaintiff references incidents in Contra Costa County, including misuse of Federal Emergency Management Agency ("FEMA") and the Employment Development Department ("EDD") relief funds, but plaintiff is facing criminal charges in Solano County, so their relevance is unclear. (Id. at 3, 4.) Plaintiff goes on to reference false arrest/assault/batter/kidnapped and victimized by domestic and foreign terrorists without a Fourth Amendment warrant, racketeering, financing statements, "arraignment denied due process to recuse Fairfield Court," and delay of speedy trial. (Id. at 6, 9.) Petitioner attaches copies of grievances filed in the Solano County Sheriff's Office. (Id. at 12-17.)

The purpose of petitioner's filing is unclear. But to the extent petitioner seeks an order to show cause or an order requiring respondent to address the habeas petition, such motion is denied. In addition, petitioner is reminded that as a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.[2] Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Thus, petitioner should limit the claims in his amended petition to those challenging the fact or duration of his confinement.

---

[2] Court records indicate that petitioner has filed many civil rights and habeas petitions in this court. A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). Indeed, petitioner was found to have sustained three strikes under 18 U.S.C. § 1915(g). Turner v. Woodland City Police, No. 2:13-cv-0905 EFB (E.D. Cal. Aug. 14, 2013).

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 8) is granted.

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition," and must be filed on the application form provided with this order.

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

5. Petitioner's May 5, 2025 "motion" (ECF No. 9) is denied.

Dated:  May 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/turn0933.114

6