UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RICHARD TURNER, | No. 2:25-cv-0933 DC CSK P |
| Petitioner, | |
| v. | ORDER |
| SHERIFF THOMAS A. FERRARA, | |
| Respondent. | |

 Petitioner is a county jail inmate proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to court order (ECF No. 10), petitioner filed a first amended petition (ECF No. 11), which is now before the Court. As discussed below, the first amended petition is dismissed with leave to amend.

I. GOVERNING STANDARDS

 The Court is required to screen all habeas petitions upon filing, and to summarily dismiss "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. Petitions brought pursuant to Section 2241 may be subjected to the same screening requirements. See Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition); see also Bostic v.

Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4). Accordingly, whether petitioner is in custody pursuant to a state court judgment and thus seeking relief under 28 U.S.C. § 2254, or is in pre-judgment custody and seeking relief under 28 U.S.C. § 2241, the case must be summarily dismissed if it plainly appears from his pleadings that petitioner is not entitled to relief.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

II.     THE AMENDED PETITION

Petitioner claims he was convicted March 9, 2021, through May 18, 2025, and cites VCR 739195, a conviction on July 22, 2023 in San Francisco, and VCR739195/220078, referencing an arrest in Vallejo. (ECF No. 1 at 1.) In the appeals section, petitioner references multiple cases filed in the California Court of Appeal, First Appellate District, and multiple cases filed in the California Supreme Court. (Id. at 2.)

In his first claim, petitioner alleges ineffective assistance of counsel against "unknown parties." (Id. at 4.) In his second claim, petitioner alleges his right to a speedy trial was violated. (Id.) In his third and fourth claims, petitioner alleges "co-conspiracy, retaliation, [and] murder." (Id. at 5.) Petitioner appends a statement of the case, in which he refers to being wrongfully arrested in San Francisco and having his property stolen, as well as issues during his confinement. (Id. at 7-8.)

III.    DISCUSSION

The amended petition fails to identify one conviction petitioner seeks to challenge in this action. Petitioner is advised that he may only challenge one conviction at a time in this case.

In addition, to state an ineffective assistance of counsel claim, petitioner must allege facts showing that (1) his counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) his counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (citation omitted). To establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner's generalized ineffective assistance of counsel claim as to "all attorneys" is insufficient to state a cognizable habeas claim. Rather, petitioner must include specific facts as to how each attorney, while representing petitioner in one case, provided deficient performance which prejudiced petitioner, addressing both elements of a Strickland claim.

Further, petitioner's allegations concerning the theft of his property during arrest, and the conditions of his confinement[1] after his arrest, including retaliation, cannot be pursued in a habeas action under 28 U.S.C. § 2254.

The amended petition again fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the amended petition is dismissed, and petitioner is granted one more opportunity to amend to state a cognizable habeas claim. Rule 4, Rules Governing Section 2254 Cases. In the second amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims. Petitioner shall file his

---

[1] Court records indicate that petitioner has filed many civil rights actions in this court. A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). Indeed, petitioner was found to have sustained three strikes under 18 U.S.C. § 1915(g). Turner v. Woodland City Police, No. 2:13-cv-0905 EFB (E.D. Cal. Aug. 14, 2013).

second amended petition on the form provided by the Clerk of the Court with this order, and the second amended petition **shall not exceed 15 pages**. Petitioner is cautioned that failure to file a second amended petition will result in a recommendation that this action be dismissed.

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

2. Any second amended petition must bear the case number assigned to this action and the title "Second Amended Petition," must be filed on the application form provided with this order, and **shall not exceed 15 pages**.

3. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: September 19, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/turn0933.114b